UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CHARLES WELDON DEWEESE ) | |
| and PENNY WHITFIELD DEWEESE, et al.[1] ) | CASE NO. 23-10072(1)(11) |
| ) | |
| ) | (Jointly Administered) |
| ) | |
| Debtor(s) ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion for an Order Authorizing Debtor CoCo LLC to Pay Certain Administrative Expenses filed by Charles Weldon Deweese and Penny Whitfield Deweese, as debtors and debtors-in-possession (the "Deweeses"), and the Deweeses' companies identified in the footnote below, which filed concurrent petitions for relief under Chapter 11. The Debtors seek an Order authorizing Debtor CoCo LLC ("CoCo") to pay up to $80,000 to their counsel, Seiller Waterman, LLC ("SW"), toward outstanding fees and costs which are due SW pursuant to previously entered Orders.

Paul Randolph, the Acting United States Trustee ("UST") for Region 8, by his attorney, and Mark Little, the Chapter 7 Trustee for the bankruptcy estate of Charles Deweese Construction, Inc.

---

[1] The Debtors in this jointly administered case are Charles Weldon Deweese and Penny Whitfield Deweese (Case No. 23-10072); CoCo LLC (Case No. 23-10073); Drakes Creek Holding Company, LLC (Case No. 23-10074); Jed Holding Company LLC (Case No. 10075); and Weldon Inc. (Case No. 23-10076), hereinafter referred to collectively as the "Chapter 11 cases."

("CDC") (Case No. 22-10355), filed Objections to SW's Motion seeking a partial payment of its fees from CoCo.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 27, 2023, the Debtors filed their Voluntary Petitions for relief under Chapter 11 of the Bankruptcy Code, initiating these Chapter 11 cases. The Chapter 11 cases were procedurally consolidated and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Orders entered on February 1, 2023. The cases have not been substantively consolidated.

Prior to the filing of the Chapter 11 cases herein, SW was hired by the Deweeses to represent the Debtors in connection with debts owed by their company, CDC. The Deweeses paid SW for pre-petition services, as well as a retainer of $101,133.55 to be applied to SW's post-petition costs and fees incurred by all of the Debtors' companies referenced above. (*See* DN 78 at 95). SW and the Deweeses executed a contract for services rendered to themselves and each of the other Debtor entities herein, which provided that the Debtors would be jointly and severally liable for all amounts owed to SW for its services rendered in all of the above Chapter 11 cases.

After the Petition Date in this case, the Court approved the Debtors' Application to Authorize Employment of SW as Bankruptcy Counsel for the Debtors and Debtors-in-Possession, in which Debtors sought to incorporate the terms of the SW employment contract. (DN 44). SW also filed a separate Motion for an Order Approving Periodic Payments to SW and All Other Professionals, whereby SW would be paid monthly, upon submission of fee statements, and subject to interim fee applications. (DN 45). The UST objected to SW's employment contending joint and several

liability among all the Debtors for fees and costs could result in unfairness if some Debtors paid more than other Debtors paid since the cases have not been substantively consolidated.

Following a hearing on SW's employment application, in which the Court heard the arguments of SW, the UST and other parties, the Court approved SW's employment. However, the Court did not allow the joint and several billing arrangement proposed by SW. The Court entered Orders in each of the Debtors' cases deferring a ruling on SW's proposed fee structure until SW filed its first interim fee application so the Court and the parties could evaluate the proposed bills.

On March 27, 2023, SW filed its First Interim Application for Compensation and Reimbursement of Expenses. The UST objected to the Application because SW did not separately allocate its time among the individual Debtors.

On April 20, 2023, the Court held a hearing on SW's Application and heard the arguments of SW in support of the Application, as well as the UST's concerns about the fee arrangement. Following the hearing, the Court entered an Order approving SW's Interim Fee Application, but authorized payment for the fees solely from the Deweeses. However, the Court stated, ". . . this restriction is subject to reconsideration upon subsequent motion if the Deweeses prove to lack the ability to satisfy the First Interim Award promptly." (DN 262 at p. 2).

On May 9, 2023, SW filed a Statement of Fees and Expenses of SW for the Period March 22, 2023, through April 30, 2023, totaling $62,068.00. (DN 279). Along with the current Motion before the Court, SW also filed a Statement of Fees and Expenses covering services for May 2023 for 153 hours of SW's professional time, totaling $56,512.00 in fees and $1,098.05 in expenses. (DN 387). Although SW anticipated the Deweeses would have approximately $100,000.00 available to pay its fees from the sale of certain stock, the Debtors only obtained $33,764.61 from the stock

sale. See Debtors' Report of Sale. (DN 373). During the first four months of these cases, SW has spent 785.85 hours with billing amounting to $275,143.75, plus expenses of $2,997.81. Of the $205,290.26 that the Deweeses have been authorized to pay SW, SW has been paid $135,208.36 from its initial retainer and the stock sale.

The Motion before the Court seeks payment from one of the Deweeses' other companies in this case, CoCo, since it has no unsecured debts, but has significant unencumbered funds from rental proceeds of $104,250.00 as of May 8, 2023 and $108,006.19 in its bank account. Filings by the Debtor indicate that CoCo is due to receive $14,100.00 in monthly income, while incurring $3,000.00 in monthly expenses.[2]

The UST, through counsel, filed an Objection to SW's Motion. The UST contends that since SW's work only benefitted Charles and Penny Deweese, and not CoCo, CoCo should not be held responsible for paying the Deweeses' fees pursuant to 11 U.S.C. § 330(a)(4)(ii). Mark Little, the Chapter 7 Trustee for the bankruptcy estate of CDC (Case No. 22-10355), also filed an Objection to SW's Motion. Mr. Little also filed a Proof of Claim in CoCo LLC, Case No. 23-10073, which stated the claim was unsecured, with no amount assigned to the value of the claim. An attachment to the Proof of Claim states it is "currently an unliquidated claim against CoCo LLC ("Debtors") in an unliquidated amount which is subject to further investigation." Despite the number of creditors in this case, no other parties filed Objections to SW's Motion.

---

[2]CoCo also pays $1,284 of the Debtors' monthly adequate protection payment to Farmers Bank plus a portion of the projected $6,450 of monthly expenses for maintenance and insurance of the Debtors' residential rental portfolio. *See* Ft. 3 of DN 388. CoCo is also holding $81,856 in escrow in a separate account pending resolution of the Debtors' dispute with U.S. Fire. *See* Ft. 4 of DN 388.

## LEGAL ANALYSIS

The issue before the Court is whether a co-debtor in a Chapter 11 case which has several associated debtor related entities, which have been administratively consolidated, but not substantively consolidated, may pay a portion of the legal fees of the primary Debtor. Here, Debtors Charles and Penny Deweese, filed a Chapter 11 proceeding on January 27, 2023 and four companies owned by the Deweeses, CoCo, Jed Holding Company LLC, Drakes Creek Holding Company, LLC and Weldon Inc., each filed their own separate Chapter 11 Petitions.

On February 1, 2023, this Court entered an Order granting Debtor's First Day Motion for Joint Administration of the Debtors' Chapter 11 cases. The Order stated that the four company individual cases referenced above would be procedurally consolidated and would be jointly administered with the Charles and Penny Deweese Chapter 11 case. The Order states:

> Nothing contained in the Motion or in this Order shall be deemed or construed as directing or otherwise affecting a substantive consolidation of the Chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors or any party-in-interest to seek entry of an Order substantively consolidating the Debtors' estate.

DKT 26. Since entry of the above Order, all of the cases have been administratively consolidated and despite the number of creditors in each case, no party has moved for substantive consolidation.

In the Deweeses' case, ten claims were filed totaling $114,420,000.96. Of that amount, $35,883,739.39 are secured claims. None of these Creditors have objected to the Motion before the Court because it is clear there is sufficient equity in CoCo to pay its debts. As set forth above, CoCo receives more money in rental income than it has in monthly expenses. CoCo has no unsecured claims in its case other than the Chapter 7 Trustee's speculative claim. The Court has not been presented with any authority as to why CoCo cannot use its available resources to assist its sister

company.  In the event that CoCo becomes insolvent, any funds paid by CoCo to SW for the Deweeses' attorney fees could be recovered from SW, but that is only if, and when, the Trustee has a liquidated claim.

The fact that the cases have not been substantively consolidated is the primary reason the Court can approve the Debtors' request to use CoCo's funds for its legal fees.  "Substantive consolidation has the effect of consolidating assets and liabilities of multiple debtors and treating them as if the liabilities were owed by, and the assets held by, a single legal entity (citation omitted).  In the course of satisfying the liabilities of the consolidated debtors from the common pool of assets, intercompany claims are eliminated and guaranties from co-debtors are disregarded."  *In re Worldcom, Inc.*, 2003 WL 23861928, at 35 (Bankr. S.D. N.Y. 2003).  At this point, these cases are not substantively consolidated and each estate is its own legal entity.

The Deweeses, while owning significant assets, do not have enough unencumbered assets to timely pay their attorneys.  CoCo, however, has more assets than claims, which means it may use its unencumbered assets as it chooses, including paying the attorney's fees of the primary Debtors herein, the Deweeses.  The Deweeses may have other significant assets, but at this time, not enough unencumbered assets to pay its counsel.  CoCo has the unencumbered funds to compensate its counsel and CoCo's Creditors have not objected this Motion.

The only objections of record are those of the UST and the Chapter 7 Trustee of CDC.  First, Mr. Little, is the Chapter 7 Trustee in the CDC case and is not a current creditor in this case.  His Objection is based on a Proof of Claim that represents a hypothetical right to recovery of funds from CoCo for the benefit of the Deweese estate.  The Objection is based on a Proof of Claim in an unliquidated amount, contingent and likely will be disputed, should it arise in the future.  The

Chapter 7 Trustee's claim is nothing more than a preservative maneuver that unnecessarily restricts CoCo's assets. At this stage, the Proof of Claim is a "hail mary" that lacks factual or legal justification. A solvent Chapter 11 Co-Debtor should not be prevented from using its own assets for the overall benefit of the Debtors herein. The basis for the Chapter 7 Trustee's Objection is simply not enough to prohibit CoCo from using its own assets to assist in the overall administration of these cases.

The UST's Objection states that CoCo should not be allowed to pay any of the Deweeses' fees pursuant to 11 U.S.C. § 330(a)(4)(A)(ii), which prohibits the payment of fees for services not "reasonably likely to benefit the debtor's estate." However, Debtors could easily justify CoCo's payment of administrative expenses for SW's services provided to CoCo in preparing its Schedules and other pre- and post-consolidation services performed by SW on behalf of CoCo when its Chapter 11 Petition was filed.

The UST also relies on CoCo's Schedules to assert potential unsecured claims, which at this time do not exist. The UST asserts that a commercial tenant and Deweese family members who are residential tenants of the Deweeses, may have unsecured claims. At this stage of the proceedings, these claims are nonexistent and the Court has not been presented with compelling evidence that such claims will ever exist in the future. It would be inappropriate for this Court to restrict a solvent debtor, like CoCo, to use its own assets to further the administration of this case.

The Court also has not been presented with evidence supporting the UST's claims that it appears that the Charles and Penny Deweese estate is administratively insolvent. The estate has a large number of assets. Once liquidated, these assets will generate substantial funds that should be able to fund the administrative expenses, as well as any unsecured claims. Since Mr. Deweese has

an equity interest in Coco which is not subject to the liens of creditors, it is an asset of the Deweese estate. Since Coco has funds not subject to any creditor's claim, the Court sees no reason at this time why these unencumbered funds cannot be used for the Deweeses' administrative expenses.

None of the objecting parties have provided factual or legal justification to prohibit a Chapter 11 Debtor from using its unencumbered assets for the overall benefit of the Debtors in this case. While the Court understands that both Trustees are fulfilling their obligations, Congress intended that Chapter 11 debtor's counsel, particularly in a complex case such as the one before the Court, be timely paid for their services. Here, the Debtors are represented by competent counsel who have expended a large number of hours working on this matter, along with the creditors herein, for what hopefully will be a successful result. However, there is no legal basis for preventing the payment requested by these attorneys for their services, particularly when the creditor body has not objected.

The Court has not been presented with sufficient evidence to require it to declare the Deweese estate administratively insolvent. The Debtors need sufficient time to liquidate their unencumbered assets. At this stage of the proceedings, the Court is willing to allow the Debtors to compensate its attorneys with the unencumbered funds from Coco, as provided in Debtors' Motion for an Order Authorizing Debtor Coco LLC to Pay Certain Administrative Expenses.

## CONCLUSION

For all of the above reasons, the Court will enter the attached Order granting Debtors' Motion for an Order Authorizing Debtor Coco LLC to Pay Administrative Expenses.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 8, 2023

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

IN RE:                                           )
                                                 )
CHARLES WELDON DEWEESE                           )
and PENNY WHITFIELD DEWEESE, et al.              )   CASE NO. 23-10072(1)(11)
                                                 )
                                                 )   (Jointly Administered)
                                                 )
                    Debtor(s)                    )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Debtors' Motion for an Order Authorizing Debtor Coco LLC to Pay Certain Administrative Expenses of the Debtors' counsel, Seiller Waterman LLC, be and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Coco LLC is authorized to pay Debtors' counsel, Seiller Waterman LLC, up to $80,000.00 toward the amounts (a) which Seiller Waterman, LLC has been allowed pursuant to this Court's previous order; and (b) which become payable in the future pursuant to the periodic compensation procedures established in this case and orders on future fee applications.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 8, 2023